IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

DP Professionals, Inc.            )
                                )
                                )
                  Plaintiff,     )     CASE NO.  3:10-cv-03112-CMC
vs.                              )
                                )
Dun & Bradstreet Inc.,      )     **2nd AMENDED COMPLAINT**
                                )
                                )     **Jury Trial Demanded**
                  Defendant.   )
_____)

Plaintiff, complaining of the Defendant above-named, would respectfully show as

follows:

## JURISDICTION

1. Plaintiff is a corporation organized under the laws of the State of South Carolina,

   headquartered in the State of South Carolina, with its principal place of business

   in Columbia, South Carolina.

2. Defendant is a corporation organized under the laws of the State of Delaware,

   headquartered in the State of New Jersey, with its principal place of business in

   the State of New Jersey.

3. This Court has jurisdiction over the parties and subject matter of this action

   based on the diversity between the Plaintiffs and Defendants, and based on the

   fact that the sum or value of the amount in controversy exceeds $75,000.00,

   exclusive of interest and costs   28 USC §1332.

## **FACTUAL ALLEGATIONS**

4.  Plaintiff, DP Professionals, Inc. is in the business of placing Information
    Technology Professionals in employment with its clients.

5.  Defendant, the Dun & Bradstreet, Inc., is in the business, *inter alia*, of selling
    information pertaining to the creditworthiness of businesses to third-parties.

6.  At all times herein mentioned, Defendant employed certain individuals to carry
    out its business, at all times herein mentioned, said individuals acted within the
    course and scope of their employment; alternatively, said conduct was ratified by
    the Defendant.

7.  Upon information and belief, in or around early 2009, Plaintiff received a letter
    from Defendant stating that there had been "inquiries" into Plaintiff's credit via
    Defendant.

8.  Plaintiff thereafter contacted Dun & Bradstreet, which, stated that it was unable to
    reveal to Plaintiff who was checking Plaintiff's credit; however, Defendant
    represented to Plaintiff, falsely, that Plaintiff's credit was poor.

9.  Defendant stated that Plaintiff had the right to protest negative information that it
    was reporting.  Defendant further recommended that, to better protect itself
    against negative information, Plaintiff purchase Defendant's credit monitoring
    service at an annual cost of $499.00, so that any negative information reported
    would be "immediately" revealed to Plaintiff, in order that Plaintiff might request a
    correction.

10. Based on Defendant's representations about the quality and necessity of this service, Plaintiff purchased the product offered.

11. Additionally, Plaintiff immediately disputed the false, negative information that Defendant was reporting.

12. Upon information and belief, despite actual or constructive knowledge that its reporting was erroneous, from early 2009 through August of 2010, Defendant made numerous false and damaging misrepresentations to third parties concerning the credit worthiness of the Plaintiff. This information included, but was not limited to, the express representation that Plaintiff was "delinquent" on accounts to vendors, that Plaintiff's payments on its debts were "beyond terms," that debts allegedly owed by Plaintiff had been declared "bad" debts, that Plaintiff had a "credit limit" of $2500.00, that Plaintiff had failed to pay telecommunications vendor(s), and such other specific representations as to be shown at trial.

13. All of the foregoing information was false.

14. All of the foregoing information was communicated by Defendant, in writing, to third parties, for the benefit of the Defendant.

15. On multiple occasions, over a period of several months, Plaintiff repeatedly disputed the false, negative information to the Defendant. On multiple occasions, Defendant admitted that errors had been made, and represented to Plaintiff that same had or would be corrected. Thereafter, however, Defendant continued to publish false and damaging information about Plaintiff to third parties.

16. Further, on multiple occasions Defendant's representatives, represented, falsely, that purchasing or upgrading to one or more of Defendant's monitoring or "credit builder" products would improve its reporting of Plaintiff's creditworthiness.

17. In essence, Defendant used its false reporting about Plaintiff as a marketing tool to extract more money from the Plaintiff, to reveal to Defendant Plaintiff's internal financial information, and to entice Plaintiff into reporting about other businesses.

18. The programs which Plaintiff was induced to purchase, however, did not perform as stated; for example, on multiple occasions the credit monitoring program did not timely notify Plaintiff when Plaintiff's credit was falsely "downgraded" and failed to alert Plaintiff as to the appearance (or re-appearance) of false information in Defendant's reporting.

19. As a direct and proximate result of the foregoing, Plaintiff has been damaged.

## FOR A FIRST CAUSE OF ACTION

### (Libel)

20. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

21. Defendant communicated false information concerning the Plaintiff, in writing.

22. The false information communicated by the Defendant was defamatory per se, and had defamatory meaning in that it impeached the honesty, integrity, virtue, and reputation of the Plaintiff.

23. Said communications invaded the privacy of Plaintiff and placed Plaintiff in a false light.

24. The defamatory information communicated by Defendant was unprivileged.

25. The defamatory information was communicated by Defendant to third parties, on multiple occasions.

26. The false communications of the Defendant are actionable <u>per se</u>. As a direct and proximate result of the foregoing, Plaintiff suffered general damages, which are presumed by law, including injury to reputation, harm to its business, and such other general and specific damages as may be shown at trial.

27. Defendant's false, written statements were not a matter of public concern, and were published with actual or implied malice, and with such recklessness as to the truth or falsity of the information as to show a conscious indifference towards Plaintiff.

28. As a direct and proximate result thereof, Plaintiff is entitled to recover punitive damages, in addition to actual and general damages, in an amount to be determined by the trier of fact.

## <u>FOR A SECOND CAUSE OF ACTION</u>

### (Injurious Falsehood)

29. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent herewith.

30. The derogatory information referenced above had defamatory meaning in that it impeached the honesty, integrity, virtue, and reputation of the Plaintiff. Said

information invaded the legitimate expectation of privacy of the Plaintiff and placed Plaintiff in a false light which would be offensive to any reasonable person.

31. Defendant published the information, in writing, with actual or implied malice, and with such recklessness as to the truth or falsity of the information as to show a conscious indifference towards Plaintiff.

32. The derogatory information was false and concerned the Plaintiff.

33. Defendant published the derogatory information to persons other than the Plaintiff, including but not limited to potential creditors or customers of the Plaintiff.

34. The actions of the Defendant caused Plaintiff to suffer actual damages as may be shown at trial, in addition to special and general damages including embarrassment, humiliation, lost time, out of pocket expenses, loss of reputation and damage to its business.

**35.** Upon information and belief, judgment should be granted to Plaintiff that includes actual and punitive damages, based on the recklessness and malicious conduct described above.

## FOR A THIRD CAUSE OF ACTION

### (Negligent Misrepresentation)

36. The allegations contained herein are repeated as if fully alleged herein verbatim.

37. Defendant made misrepresentations of fact, both to and concerning the Plaintiff, as set forth above.

38. Defendant had a pecuniary interest in making the false statements.

39. Defendant owed a duty of care to see that the truthful information was communicated to the Plaintiff and others.

40. Defendant breached that duty by failing to exercise due care, by intentionally and repeatedly misinforming the Plaintiff, and in such other respects as may be shown at trial.

41. The Plaintiff justifiably relied on the misrepresentations of Defendant.

42. As a direct and proximate result of the reliance of the Plaintiff, the Plaintiff suffered a pecuniary loss.

## FOR A FOURTH CAUSE OF ACTION

### (Unfair Trade Practices)

43. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

44. The activities of the Defendant constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

45. The actions of the Defendant, above-described, constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

46. The actions of the Defendant have a real and substantial potential for repetition and affect the public interest.

47. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant, entitling Plaintiff to recover actual damages in an amount to be

proven at trial, treble said actual damages, and an award of attorney's fees and costs.

## FOR A FIFTH CAUSE OF ACTION

### (Interference with Prospective Contractual Relations)

48. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent herewith.

49. The Defendant herein interfered with the potential contractual relations of Plaintiff.

50. The interference by Defendant with potential contractual relations was committed for an improper purpose or by improper methods.

51. As a direct and proximate result of the negligent, grossly negligent, willful, intentional and malicious acts of the Defendant, all in reckless disregard of the rights of the Plaintiff, Plaintiff suffered injury through the loss of credit, opportunity, and reputation in the community, damages associated with the foregoing, and such other damages as may be proven at trial.

52. Due to the acts of the Defendant, the Plaintiff should be granted judgment that includes actual damages and punitive damages, and the costs of this action, all in an amount to be determined by the trier of fact.

## FOR A SIXTH CAUSE OF ACTION

### (Fraud and Misrepresentation)

53. The allegations contained hereinabove are repeated as if fully alleged herein

verbatim, to the extent not inconsistent herewith.

54. The Defendant made numerous representations to the Plaintiff about Defendant's services, in the forms of statements and set of actions.

55. The said Defendant's statements were dishonest in fact, and constituted unfair dealing.

56. In reliance on the Defendant's representations, the Plaintiff was induced into purchasing said services.

57. The Defendant knew of, or had a constructive knowledge of, the falsity of its representations to the Plaintiff or the Defendant made the representations with reckless disregard of the truth.

58. The Defendant had the intent that its representations be acted upon, and indeed, the Plaintiff did purchase said services from Defendant in reliance of the Defendant's representations.

59. The Plaintiff was ignorant of the falsity of Defendant's representations.

60. The Plaintiff did rely on the Defendant's misrepresentation.

61. The Plaintiff's reliance on Defendant's misrepresentation was proper and was not made a reckless or a grossly negligent manner.

62. As a direct and proximate result of the negligent, grossly negligent, willful, intentional and malicious acts of the Defendant, all in reckless disregard of the rights of the Plaintiff, Plaintiff suffered injury through the loss of credit, opportunity, and reputation in the community, damages associated with the foregoing, and such other damages as may be proven at trial.

63. Due to the acts of the Defendant, the Plaintiff should be granted judgment that

includes actual damages and punitive damages, and the costs of this action, all in an amount to be determined by the trier of fact.

## FOR A SEVENTH CAUSE OF ACTION

### (Constructive Fraud)

**64.** The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent herewith.

65. The Defendant made numerous representations to the Plaintiff about Defendant's services, in the forms of statements and set of actions.

66. The said Defendant's statements were dishonest in fact, and constituted unfair dealing.

67. In reliance on the Defendant's representations, the Plaintiff was induced into purchasing said services.

68. The Defendant ought to have known the falsity of its representations to the Plaintiff.

69. The Defendant had the intent that its representations be acted upon, and indeed, the Plaintiff did purchase said services from Defendant in reliance of the Defendant's representations.

70. The Plaintiff was ignorant of the falsity of Defendant's representations.

71. The Plaintiff did rely on the Defendant's misrepresentation.

72. The Plaintiff's reliance on Defendant's misrepresentation was proper and was not made a reckless or a grossly negligent manner.

73. As a direct and proximate result of the negligent, grossly negligent, willful, intentional

and malicious acts of the Defendant, all in reckless disregard of the rights of the

Plaintiff, Plaintiff suffered injury through the loss of credit, opportunity, and reputation

in the community, damages associated with the foregoing, and such other damages

as may be proven at trial.

74. Due to the acts of the Defendant, the Plaintiff should be granted judgment that

includes actual damages and punitive damages, and the costs of this action, all in an

amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays that judgment may be granted against the Defendant

for all damages set forth above, and for such other relief as is just and proper, in an

amount greater than $75,000.00.


Respectfully submitted,


s/ Dave Maxfield_____
Dave Maxfield, Esquire # 6293
TROTTER & MAXFIELD, ATTORNEYS
1701 Richland Street
Columbia, SC 29201
(803) 799-6000 (T)
(803) 799-6947 (F)
dave@trotterandmaxfield.com


Joseph Y. Shenkar
3741 Landmark Dr., Suite 201
Columbia, SC 29204
P 803 315 3357
F 803 403 8739
jyshenkar@shenkarlaw.com

November 10, 2010